# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff-Respondent,**

vs.                                                     Civil No. 98cv1477 LH/JHG
                                                        Criminal No. 95-430 LH

**JOSE DIAZ-ZAPPATTA,**

    **Defendant-Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

## PROPOSED FINDINGS

1. This matter is before the Court on Diaz-Zappatta's Motion to Correct Sentence under Fed.R.Crim.P. 36, construed as a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Diaz-Zappatta attacks the Judgment and Commitment Order entered on June 27, 1996, in the case styled *United States of America v. Jose*

*Diaz-Zappatta,* and numbered CR 95-430 LH, United States District Court for the District of New Mexico.

2. On August 2, 1995, a federal grand jury returned a three count indictment charging Diaz-Zappatta and two co-defendants. Count I of the indictment charged Diaz-Zappatta and the co-defendants with conspiracy to distribute five grams and more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B), as well as aiding and abetting pursuant to 18 U.S.C. § 2. Count II charged Diaz-Zappatta and the co-defendants with possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), as well as aiding and abetting pursuant to 18 U.S.C. § 2. Count III charged Diaz-Zappatta with carry and use of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

On February 8, 1996, a superseding indictment was filed against Diaz-Zapatta and the co-defendants and one additional co-defendant was added. Count I of the superseding indictment charged Diaz-Zappatta with conspiracy to violate the narcotics laws of the United States in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Count II charged Diaz-Zappatta and two co-defendants with possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count III charged Diaz-Zapatta and one co-defendant with possession with intent to distribute less than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), as well as aiding and abetting pursuant to 18 U.S.C. § 2. Count IV charged Diaz-Zappatta with carry and use of a firearm during and in relation to a drug trafficking crime

of possession with intent to distribute five grams and more of cocaine base in violation of 18 U.S.C. § 924(c)(1). On June 27, 1996, the jury found Diaz-Zappatta guilty of all counts of the indictment. On October 7, 1996, the federal district judge sentenced Diaz-Zappatta to a term of 78 months as to Counts I, II and III to run concurrently. The Court sentenced Diaz-Zappatta to a term of 60 months as to Counts IV and V, these counts to run consecutively to the sentenced imposed in Counts I, II and III.

On October 23, 1996, Diaz-Zappatta filed a timely notice of appeal. On appeal, Diaz-Zappatta raised one issue: whether the evidence was insufficient to support his convictions for carrying a firearm during a drug trafficking crime. On November 25, 1997, the Court of Appeals for the Tenth Circuit affirmed the convictions. On December 1, 1998, Diaz-Zappatta filed the instant motion.

3. In his Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, Diaz-Zappatta presents the following issues for review:

**I.** **His Fifth Amendment right to due process was violated because the government offered leniency to a cooperating defendant for his testimony.**

**II.** **He was erroneously sentenced under the sentencing guidelines for an offense involving cocaine base or "crack" cocaine when the government failed to prove that "crack" cocaine was involved in the offense.**

**III.** **The evidence was insufficient to sustain his conviction of carrying a firearm during a drug trafficking offense.**

**IV.** **His counsel was ineffective for failing to raise any of the first three issues**

**prior to trial, at trial, at sentencing, and on appeal.**

5. A preliminary question is whether the issue raised in this action is procedurally barred by *United States v. Frady*, 456 U.S. 152 (1982). Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal. *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. *Id.* A court may raise this procedural bar defense *sua sponte* but must afford the movant the opportunity to respond to the defense. *Hines v. United States,* 971 F.2d 506, 509 (10th Cir. 1992).

In this case, Diaz-Zappata did not raise on direct appeal his claims concerning (1) the violation of his Fifth Amendment right to due process when the government offered leniency to a cooperating defendant for his testimony, (2) his claim he was erroneously sentenced under the sentencing guidelines for an offense involving cocaine base or "crack" cocaine when the government failed to prove that "crack" cocaine was involved in the offense, and (3) his claim alleging his counsel was ineffective for failing to raise any of the first three issues.

Therefore, Diaz-Zappatta may be barred from raising at least the first two issues in his § 2255 motion because of his procedural default. *Cook*, 997 F.2d at 1320. Because

the Court has raised the procedural bar defense, the Court will give Diaz-Zappatta an opportunity to respond to the procedural default defense. Diaz-Zappatta has twenty (20) days from the entry of this recommended disposition to respond to the procedural default defense.

6. The procedural bar rule of *Frady*, however, does not apply to claims of ineffective assistance of counsel. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). Therefore, the Court will address this claim.

7. In order to establish ineffective assistance of counsel, Diaz-Zappatta must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceedings would have been different. *United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995)(citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Diaz-Zappatta has the burden of establishing both prongs of *Strickland*. *Hatch v. Oklahoma*, 58 F.2d 1447, 1457 (10th Cir. 1995).

8. Diaz-Zappatta complains his attorney was ineffective because he failed to raise the issue concerning his claim that his Fifth Amendment right to due process was violated because the government offered leniency to a cooperating defendant for his testimony. In view of *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999), in which the Court of Appeals for the Tenth Circuit rejected this argument, defense counsel could not have in good faith raised this issue on appeal. Diaz-Zappatta's claim of denial of effective assistance of counsel is without merit as to this claim.

9. Diaz-Zappatta also claims his attorney failed to raise the issue on appeal that he was "erroneously" sentenced under the sentencing guidelines. Diaz-Zappatta claims he was sentenced for an offense involving cocaine base or "crack" cocaine even though the government failed to prove that "crack" cocaine was involved in the offense. The record reflects there was ample evidence of the arresting officers and witnesses concerning the substances seized as "crack" cocaine. **Tr. of Pro. 6/26/96, 86-89, 102-03, 117-18, 188-90, 193-201**. Additionally, DEA Chemist Herbert Dedeaux testified he conducted scientific tests upon the substances and determined they were cocaine base or "crack" cocaine. **Tr. of Pro. 6/27/96, 301-07**. The government met its burden in proving the substances seized were in fact cocaine base or "crack" cocaine. Accordingly, Diaz-Zappatta's claim of denial of effective assistance of counsel as to this claim is without merit. He has failed to demonstrate either that his attorney's performance fell below an objective standard of reasonableness or that he was prejudiced thereby.

10. Finally, Diaz-Zappatta claims that the evidence was insufficient to support his conviction for carrying a firearm during and in relation to a drug transaction in violation of 18 U.S.C. § 924(c)(1). The Court of Appeals for the Tenth Circuit has previously considered and disposed of this issue on direct appeal. *See United States v. Diaz-Zappatta*, 131 F.3d 152, 1997 WL 731790 (10th Cir. 1997) (unpublished opinion). Therefore, Diaz-Zappatta may not raise these issues under § 2255. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)(issues disposed of on direct appeal generally

will not be considered in a § 2255 collateral attack).

## RECOMMENDED DISPOSITION

Diaz-Zappatta's should be given twenty (20) days to respond to the procedural default defense as to the following claims: (1) Diaz-Zappatta's claim concerning the alleged violation of his Fifth Amendment right to due process when the government offered leniency to a cooperating defendant for his testimony; and (2) Diaz-Zappatta's claim he was erroneously sentenced under the sentencing guidelines for an offense involving cocaine base or "crack" cocaine when the government failed to prove that "crack" cocaine was involved in the offense. Diaz-Zappatta's § 2255 motion should be denied as to (1) his claim of denial of effective assistance of counsel and (2) his claim that there was insufficient evidence to sustain his conviction of carrying a firearm during a drug trafficking offense.

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE